[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-12096

Non-Argument Calendar

_____

EDWARD JORODGE GLADNEY,

Petitioner-Appellant,

*versus*

WARDEN, FCC COLEMAN - USP II,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:18-cv-00517-RBD-PRL

_____

Before GRANT, LAGOA, and TJOFLAT, Circuit Judges.

PER CURIAM:

Edward Gladney, a federal prisoner proceeding *pro se*, appeals the District Court's order dismissing his 28 U.S.C. § 2241 habeas corpus petition, which challenged the prison's disciplinary hearing officer's ("DHO") disallowance of twenty-seven days of Gladney's good conduct time credit due to Gladney engaging in a sexual act. Gladney argues that he was deprived of due process and that the DHO's decision was not supported by sufficient evidence. Alternatively, he argues, for the first time on appeal, that the rule under which he was charged was unconstitutionally vague.

## I.

We review *de novo* a district court's denial of a § 2241 petition but review its factual findings for clear error. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471 (11th Cir. 2015). Generally, we do not consider issues raised for the first time on appeal. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

Before revoking an inmate's good conduct time or imposing other disciplinary penalties, the Due Process Clause requires: (1) written notice of the charges at least twenty-four hours before a hearing, so that the inmate may prepare a defense; (2) an opportunity to call witnesses and present evidence in his defense; and

20-12096            Opinion of the Court            3

(3) a written statement of the evidence relied on and the reasons for the sanctions imposed. *Wolff v. McDonnell*, 418 U.S. 539, 558–59, 94 S. Ct. 2963, 2976 (1974). The Bureau of Prisons ("BOP") codified the written statement requirement by providing that the DHO must give the inmate a written report after holding a disciplinary hearing. 28 C.F.R. § 541.8(h). The report must include the DHO's decision, the evidence relied on in reaching that decision, the sanctions imposed, and the reasons for the sanctions. *Id.*

Due process also requires that the revocation of good conduct time must be supported by some evidence in the record. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 2774 (1985). The Supreme Court has elaborated on that standard, stating that:

> [T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id.* at 455–56, 105 S. Ct. at 2774 (citations and quotations omitted).

The BOP's policies on prohibited acts and available sanctions are codified at 28 C.F.R. § 541.3.  Under "Code 205," "[e]ngaging in sexual acts" is prohibited.  28 C.F.R. § 541.3 (Table 1).  Notably, Code 205 does not define "sexual acts."  *Id.*  Under "Code 409," "[u]nauthorized physical contact (e.g., kissing, embracing)" is prohibited.  *Id.*  Sanctions—particularly, the disallowance of good conduct time credit—are more severe for Code 205 violations than Code 409 violations.  *See id.*

## II.

On May 25, 2017, an officer observed Gladney kissing and embracing another inmate.  This incident was also photographed by a CCTV camera.  That same day, the witnessing officer provided Gladney with an incident report charging Gladney with violating Code 205.  On the next day, May 26, the case manager for the incident advised Gladney of his rights at the upcoming hearing.  At this time, Gladney refused assistance from a staff representative.

The DHO conducted the hearing on June 9, 2017.  At the hearing, Gladney stated that he had been coerced into kissing the other inmate.  He also submitted statements from two other witnesses to support his claim of coercion.  However, the case manager informed the DHO that Gladney had communicated with his two witnesses prior to the hearing to coordinate their story of coercion.  The DHO concluded that Gladney had violated Code 205 based on the incident report and the photographic evidence.  On July 31, 2017, Gladney was provided with a copy of the

DHO's report, which contained the evidence relied on by the DHO, the sanctions imposed, and the reasons for the sanctions.

The DHO did not violate Gladney's due process rights because Gladney received adequate notice of the charge, witnesses provided statements on his behalf, and he received a written statement describing the basis for the DHO's determination. *See Wolff*, 418 U.S. at 558–59, 94 S. Ct. at 2976. Next, the DHO's decision was supported by sufficient evidence, considering the incident report and the photograph. *See Hill*, 472 U.S. at 455–56, 105 S. Ct. at 2774. Furthermore, whether a charge under Code 409 would have been more appropriate was irrelevant for the District Court's determination of whether his discipline under Code 205 was supported by sufficient evidence. *See* 28 C.F.R. § 541.3 (Table 1). Lastly, because Gladney did not raise his vagueness argument before the District Court, we will not consider it now on appeal. *See Access Now*, 385 F.3d at 1331.

### III.

Accordingly, the District Court's denial of Gladney's habeas petition is

**AFFIRMED.**